No. 30,150.

THE STATE OF KANSAS, *Appellee,* v. HARRY WILLIAMS, *Appellant.*

(4 P. 2d 453.)

Opinion filed November 7, 1931.

R. L. *Hamilton,* of Beloit, for the appellant.

*Roland Boynton,* attorney-general; *R. O. Mason,* assistant attorney-general, and *Harold N. Jordan,* county attorney, for the appellee.

The opinion of the court was delivered by

SMITH, J.: Defendant was convicted of violating the intoxicating liquor law. He appeals.

The information was in five counts. Two of these counts were dismissed on motion. He was convicted of possession of intoxicating liquor on the first count, transportation on the second and maintaining a nuisance on the fourth.

A farmer boy found a sack of liquor some distance from the public highway in a field of kafir corn which he was cutting. The sheriff was notified and came out that night. He, together with one other, concealed themselves and watched the liquor. Just about dark defendant drove up in his car and stopped. Defendant got out and entered the field. As witnesses testified, he zigzagged around in the field, and when he was at a point some forty feet from the liquor he ran into the sheriff. When he saw the sheriff, according to the sheriff's evidence, he said, "It looks like somebody was tipped off." Defendant testified that what he said was, "It looks like somebody has been tipped off." There were two tall sunflowers about equal distance from the liquor. Defendant claimed that he had stopped the

car and gone into the field to attend to a call of nature. His belt was unfastened when the sheriff arrested him. The night of the arrest the wife of defendant was interviewed by the county attorney in the presence of the sheriff. She made some statements that differed from those made by appellant relative to who was driving and whether the car lights were turned on. The sheriff was permitted to testify as to what these statements of appellant's wife were over the objection of appellant.

Appellant urges that there was error in the trial in that the evidence introduced was not sufficient to sustain the charges. We have reached the conclusion that as to all but the first count the contention should be sustained.

As to the counts charging a nuisance and transportation, taking all the state's evidence as true, there are two conclusions to which these circumstances might lead us: One is that the liquor was brought there by some one else for defendant and he was coming there to get it. Under that theory he would not be guilty of transportation or nuisance. On the other hand, he could have brought the liquor and left it there himself and was coming back to get all, or part of it; under that theory he would be guilty of transportation and a nuisance. The trouble is, to tell which of these conclusions is the correct one. Any attempt to say one or the other is the true state of affairs is speculation.

As to the possession count, under either one of the theories, all the elements of possession are there; that is, the mental attitude of the defendant, the right to possess, to appropriate to oneself and the effective realization of this attitude. These elements are present under either one of the theories heretofore spoken of. Appellant makes a strong argument that the evidence is not strong enough to sustain a conviction on any count. What this argument amounts to is that a defendant should be found with the liquor in his pocket, or in his car, or in his house and that he must have actual contact with it before a conviction will be sustained. This court long ago announced the rule that it did not require any higher degree of proof to convict of violation of the laws against intoxicating liquor than to convict of other crimes. Possession of intoxicating liquor may be proved by circumstantial evidence.

The admission of the testimony of the sheriff as to the statements made by the wife of appellant is urged as error. Appellant argues that they were hearsay and not made in his presence. The wife was

charged jointly with appellant. These statements were admissible. (*State v. Winner*, 17 Kan. 298; *State v. Mullins*, 95 Kan. 280, 147 Pac. 828; *State v. Shaw*, 108 Kan. 781, 196 Pac. 1100.)

At the trial defendant offered to prove that on the evening in question the night watchman at Beloit attempted to arrest a man in a strange car, which contained what he thought was liquor. This evidence was offered under the rule laid down in the case of *State v. Scott*, 117 Kan. 303, 235 Pac. 380. There it was held that evidence which tended to show that some one else than the defendant committed the crime was admissible. That is a good rule, but it is hard to see what connection a carload of liquor in Beloit has with a sack of liquor in a field several miles away.

Complaint is made of the instruction stating to the jury what constitutes possession. It was as follows:

"The word 'possession' as used in these instructions is not necessarily limited to actual physical custody of the intoxicating liquor, if any, but it means the intentional exercise of authority or dominion over the intoxicating liquor, if any, and having said liquor, if any, in such a situation that actual possession might be taken of the same should the person charged with possession thereof wish to actually possess himself of it. Two things are necessary to constitute possession as used in these instructions: (*a*) an intention to possess or exercise authority or dominion over, or to aid, assist or help another in the possession of the same. And (*b*) some act of the person charged therewith, or authority, dominion, ownership, or of assisting others in exercising authority, dominion or ownership over the alleged intoxicating liquor."

The instruction is intended to cover a case where the person charged might be held to be guilty under R. S. 62-1016, which is as follows:

"Any person who counsels, aids or abets in the commission of any offense may be charged, tried and convicted in the same manner as if he were a principal."

It is a proper instruction.

The judgment of the district court is affirmed as to count 1 and reversed as to counts 2 and 4, with instructions to dismiss as to these counts.